**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **PHILIP EMIABATA,** *Plaintiff* | § § § | |
| **v.** | § § | |
| **SETON HEALTHCARE FAMILY D/B/A DELL SETON MEDICAL CENTER AT THE UNIVERSITY OF TEXAS, INSTITUTE OF RECONSTRUCTIVE PLASTIC SURGERY, JAMES R. CULLINGTON, M.D., AND SANJAY SHAR, M.D.,** *Defendants* | § § § § § § § § § § | **Case No. 1:21-cv-949-RP-SH** |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Philip Emiabata's Complaint (Dkt. 1) and Plaintiff's Motion for

Leave to Proceed *In Forma Pauperis* (Dkt. 2), both filed October 20, 2021. The District Court

referred this case to the undersigned Magistrate Judge for disposition of the Motion and Report

and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C.

1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court

for the Western District of Texas and the Court Docket Management Standing Order for United

States District Judge Robert Pitman. Dkt. 4.

**I.  Motion to Proceed *In Forma Pauperis***

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and his Financial

Affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS**

Plaintiff *in forma pauperis* status (Dkt. 2) and **ORDERS** his Complaint to be filed without pre-

payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This

1

indigent status is granted subject to a later determination that the action should be dismissed if the

allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C.

§ 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma*

*pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as

in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C.

§ 1915(e) and recommends that Plaintiff's claims should be dismissed. Therefore, service on

Defendants should be withheld pending the District Court's review of these recommendations.

## II.  Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required

by standing order to review his Complaint under § 1915(e)(2). Pro se complaints are liberally

construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court

may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is

(1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2), a claim is frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.

1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal

theory, such as if the complaint alleges the violation of a legal interest which clearly does not

exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d

882, 889 (5th Cir. 1998)). A complaint lacks an arguable factual basis only if the facts alleged are

"clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### B.  Plaintiff's Complaint Should Be Dismissed as Frivolous

Plaintiff brings this medical malpractice and negligence lawsuit "for what can only be described as one of the prolific torts involving medical malpractice in Texas." Plaintiff's Complaint (Dkt. 1) at 2. Plaintiff's primary care physician referred Plaintiff to surgeon Dr. James R. Cullington, M.D., after Plaintiff complained of "an onset of localized hand pain." *Id.* ¶ 16. On December 14, 2017, Dr. Cullington performed surgery on both of Plaintiff's hands at Dell Seton Medical Center at The University of Texas ("Dell Medical Center"). Plaintiff alleges that his pain worsened after the surgery and that he no longer is able to use his left hand. Plaintiff contends that Dr. Cullington committed medical malpractice by failing to x-ray both of Plaintiff's hands before the surgery and for failing to provide him with proper medical care after the surgery. Plaintiff further alleges that in June 2018 he sought treatment from another surgeon in Dr. Cullington's office, Dr. Sanjay Shar, M.D., but that Dr. Shar also committed medical malpractice. Specifically, Plaintiff alleges that Dr. Shar failed to order a magnetic resonance imaging ("MRI") of Plaintiff's hands, failed to perform a follow-up surgery, and delayed Plaintiff's medical treatment. Plaintiff alleges that Dr. Cullington and Dr. Shar's negligence caused Plaintiff to suffer "irreparable damage to his left hand." *Id.* ¶ 28.

On October 20, 2021, Plaintiff, a Connecticut resident, filed this lawsuit on the basis of diversity jurisdiction under 28 U.S.C. § 1332 against Defendants Seton Healthcare Family d/b/a Dell Medical Center, the Institute of Reconstructive Plastic Surgery, Dr. Cullington, and Dr. Shar. Plaintiff alleges Texas state law claims for negligence and gross negligence and seeks damages in excess of $75,000.[1] *Id.* ¶¶ 40-44.

---

[1] While the first page of Plaintiff's Complaint also lists breach of contract, "bad-faith dealing," and unjust enrichment, Plaintiff fails to include these claims in his "Causes of Action" section and alleges no facts supporting such claims. *See* Dkt. 1 ¶¶ 40-44.

Plaintiff's medical malpractice claims are governed by the Texas Medical Liability Act's ("TMLA") two-year statute of limitations. *See Smith v. Palafox*, 728 F. App'x 270, 275 (5th Cir. 2018) (citing TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(13), 74.251(a)). The limitations period is measured from one of three dates: "(1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization." *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001). A plaintiff is not entitled to "choose the most favorable date" of the three categories. *Id.* "Rather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date. And if the date is ascertainable, further inquiry into the second and third categories is unnecessary." *Id.*

Plaintiff alleges that Defendants negligently provided him medical care from December 2017 through June 2018. However, Plaintiff did not file his pre-suit notice of this lawsuit until September 20, 2021, after the statute of limitations had expired. Accordingly, Plaintiff's lawsuit is time-barred under the TMLA. *See Cory Lee Davis v. City of Dallas*, No. 3:19-CV-2866-B, 2021 WL 4822557, at *5 (N.D. Tex. Sept. 30, 2021) (holding that plaintiff's medical malpractice claims were time-barred where he filed lawsuit more than two years after claims accrued), *R. & R. adopted*, 2021 WL 4822490 (N.D. Tex. Oct. 14, 2021).

"Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *see also Lawrence v. Ctr. Properties, L.L.C.,* 847 F. App'x 254, 256 (5th Cir. 2021) ("A district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the face of a complaint that the claims asserted are time-barred.") (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). Because Plaintiff's claims are barred by the statute of limitations contained in the TMLA,

4

his lawsuit should be dismissed as frivolous under § 1915(e)(2). *See Lott v. Oseguera*, 799 F. App'x 883 (5th Cir.) (affirming district court's dismissal of plaintiff's complaint as frivolous because it was time-barred), *cert. denied*, 141 S. Ct. 856 (2020); *Young v. Adams*, 693 F. Supp. 2d 635, 639 (W.D. Tex. 2010) ("Since the Plaintiff failed to file his complaint within two years of the accrual of his cause of action, the Court must dismiss his complaint as barred by the statute of limitations pursuant to 28 U.S.C. § 1915(e).").

### III.  Recommendation and Order

Based on the foregoing, the undersigned (1) **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2) and (2) **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 2, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE